J. S. POLK *et al.* v. GARVER COAL & MINING COMPANY *et al.*, Defendants; JAS. A. McCAUGHAN, Trustee, Intervener; AMERICAN SAVINGS BANK, Defendant in Intervention, Appellant.

1 Individual Debt of Receiver: Not Set-off to Fees Due Him as Receiver. For the purpose of setting off debt owing by
2 him as an individual, a receiver does not own fees allowed him for selling property under order of court, until the proceeds of the sale have been paid into court.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, OCTOBER 3, 1894.

*Henry S. Wilcox* for appellant.

*Barcroft & McCaughan* for appellee.

KINNE, J.—I. The plaintiffs, J. S. Polk, F. M. Hubbell, and R. L. Chase, cashier for the American Savings Bank, filed a petition in the district court of Polk county against the Garver Coal & Mining Company, and obtained the appointment of one Rufus Ford as receiver of the property of said company. Afterward James A. McCaughan, trustee, filed a petition of intervention in the cause, alleging the appointment of said Ford as receiver for said company in 1891, and the sale of the company's property by said receiver in pursuance of an order of court; and averring that said bank, though in possession of said property, had not paid to said receiver the amount of its bid therefor; that on January 20, 1892, an order was entered by the court, allowing said receiver the sum of six hundred and twenty-eight dollars and fifty-four cents as a balance of compensation for his services to that date, which compensation, less than fifty dollars assigned to the American Savings Bank, he was authorized to retain from the amount of the bid for said property when the same was paid into his hands; that in 1891 said Ford, for a valuable consideration, assigned all his title, right, and interest in and to the amount due him as compensation for services to intervener, who owns and holds said claim; that said bank refuses to pay the amount of its bid to the receiver or to the clerk of this court. He prays that the bank be required to pay to the receiver or to the clerk of the court the amount of its bid, and that said receiver or clerk be ordered to pay out of such fund to intervener the amount allowed Ford as compensation for his services as receiver. The American Savings Bank filed its answer to the petition, in which it set forth that at the

time Ford was appointed receiver, he was indebted to
it in the sum of one thousand dollars, with interest, on
a promissory note, which was secured by a mortgage
given to R. L. Chase, its cashier; that Ford was ap-
pointed receiver to assist him in paying said debt, and
all of the services rendered by Ford as receiver were
rendered while he was thus indebted to said bank, and
asked to offset its claim against the amount due Ford.
It further alleged that the assignment was made for
the purpose of defrauding said bank, which purpose the
assignee knew of and participated in.   To this answer
the intervener trustee demurred on the ground that the
facts set forth constituted no defense to the petition of
intervention, that it did not appear that said bank
had any claim to or lien upon said fund, and that it
was not averred that there was any consideration for
said assignment.   The demurrer was sustained, and,
the bank excepting and electing to stand upon its
pleading, judgment was rendered that it should pay
into court, for the use of the trustee and assignee of
Ford, as receiver, whatever sums remained due Ford
as receiver after deducting eighty-seven dollars and
fifty cents paid one Hastie by said bank for assisting
said receiver.   From this ruling and order the bank
appeals.

II.   Appellant claims that Ford could sue the bank
for his fees after the amount had been fixed by the dis-
trict court, and that in such a suit the bank could offset
its claim against him, and that McCaughan, as trustee,
had no greater rights as to the sum due the
receiver than had the latter himself. The trouble
with this theory is that Ford individually had no
right to any part of the fund due from the bank until
it was paid into court.   The receiver, as an officer of
the court, was bound to pay the proceeds of the sale of
the property into court, to be distributed by order of
the court. There was no such privity between the bank

and the receiver that a debt due from the latter in his individual capacity to the bank could be set off against the fees of the receiver. In the purchase of the property the bank dealt with Ford in his representative capacity, and it is plain that it could not set off against its obligation to him as receiver a claim it held against him as an individual. Ford, if he had sued the bank for the purchase price it had agreed to pay for the coal and mining company's property, would have done so as receiver. As receiver he owed the bank nothing, and his individual debt to it could not be by the bank deducted from a fund which it owed to the receiver, and which it was bound to pay into court. The order allowing Ford a certain sum for his services as receiver out of the fund when paid in was a determination, to that extent, as to how the fund should be distributed after it had been paid in. Ford could not, because of such allowance, have maintained an action in his individual capacity against the bank for his fees. No claim had been established in his favor as against the bank. Ford's claim would be against the fund after it was paid in, or would have been if he had not assigned his claim. In other words, Ford could assert his right to the fees allowed him as against the amount due him as receiver when it was paid in, and not before. It follows that, having no individual right to any part of the fund until it was paid into court, no part of such fund could be appropriated by the bank in payment of Ford's individual debt to it, and Ford had the right to assign his claim for fees, regardless of the bank's claim against him. Inasmuch as the bank could not deduct its claim against Ford as an individual out of a fund due Ford as receiver, it is wholly immaterial as to what Ford's purpose was in making the assignment to intervener trustee. It does not appear that there is anything due the bank, and, so far as this record shows, the mortgage may have been

ample security, and the claim of the bank realized therefrom. In any event, the court properly sustained the demurrer. AFFIRMED.